[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G) (1).
Defendant-appellant Marlon Barber appeals from the judgment of the Hamilton County Court of Common Pleas convicting him of four counts of assault on a peace officer in violation of R.C. 2903.01. Barber had entered guilty pleas to those charges in exchange for the dismissal of other charges.
Barber advances two assignments of error in support of this timely appeal. Because we find neither assignment to have merit, we affirm the judgment of the lower court.
In his first assignment of error, Barber urges that the lower court erred by accepting his guilty pleas, because he did not sign a jury waiver and no signed waiver was made a part of the record in accordance with R.C. 2945.05. However, R.C. 2945.05 applies only in those situations when the defendant waives his right to a jury trial and elects to have his case tried to the bench. See R.C. Martin v. Maxwell (1963), 175 Ohio St. 147, 191 N.E.2d 838. Here, Barber did not elect a bench trial, he entered a plea of guilty.
The record discloses that the lower court scrupulously adhered to Crim.R. 11. During that colloquy, the court informed Barber that, by pleading guilty, he was waiving his right to a jury trial, his right to confrontation, his right to subpoena witnesses in his behalf and his right against self-incrimination. The lower court further ascertained that Barber had read, understood and executed the plea form, which contains a written jury waiver. Thus, Barber did waive his right to a jury trial in writing.
The written plea is in fact a part of the record in this case. Thus, the trial court did not commit error in accepting Barber's guilty pleas, and we overrule Barber's first assignment of error.
In his second, and final assignment of error, Barber maintains that the lower court erred by overruling his oral motion to withdraw his guilty pleas prior to sentencing. We disagree.
The denial of a motion to withdraw a guilty plea will not be disturbed absent an abuse of the trial court's discretion. See State v. Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715, paragraph two of the syllabus. An abuse of discretion connotes action by the trial court that is unreasonable, arbitrary, or unconscionable. See State v. Brown (1988), 38 Ohio St.3d 305, 312, 528 N.E.2d 523,534. Here, we find no abuse of discretion or lower court's denial of Barber's oral motion to withdraw his guilty pleas.
As we noted above, the lower court thoroughly complied with Crim.R. 11 prior to accepting the pleas. Further, the court reviewed each of the charges with Barber to ensure that Barber fully understood the nature of the offenses with which he had been charged. Further, at the time of the oral motion to withdraw, Barber's trial counsel represented to the lower court his belief that it remained in Barber's best interest to adhere to the plea agreement.
Accordingly, we find no abuse of discretion on the part of the lower court. The second assignment of error is overruled.
Therefore, the judgment of the lower court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on November 17, 1999, per order of the Court _______________________________. Presiding Judge